CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 6 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LINDA RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:06-CV-00056 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| VIRGINIA DEPT. OF | ) | |
| SOCIAL SERVICES, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Linda Raynor, proceeding pro se, brings this action against the Virginia Department of Social Services (DSS), claiming, among other things, that DSS has falsified court documents by listing "father unknown" on court documents concerning Raynor's minor child and that these documents "slander[] [Linda] Raynor, making [her] to be a loose woman." Raynor seeks to proceed in forma pauperis (IFP) and seeks "to punish DSS for wrong doing." Having considered Raynor's complaint, the court will grant Raynor IFP status; however, for the reasons stated, the court dismisses Raynor's action for failure to state a claim for which the court may grant relief. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

I.

Raynor claims that she was married to Bill Raynor and that her minor child in DSS custody is his child. Thus, she claims that the minor child's father is known and that DSS has falsified court documents by listing the child's father as "unknown." Because of this alleged falsification, Raynor claims that DSS court documents "slander[] [her], making [her] to be a

1

loose woman."

## II.

Raynor's complaint alleges a claim of common law defamation; however, Raynor has failed to allege a sustainable basis of jurisdiction.[1] Raynor has not alleged that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which grants the federal courts original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000," and the action is between citizens of different states. Moreover, common law defamation is a state cause of action, and therefore, the court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. See 28 U.S.C. § 1331 (granting the federal courts original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States). Accordingly, the court dismisses Raynor's action for lack of subject matter jurisdiction.

## III.

For the reasons stated herein, the court hereby dismisses Raynor's claims without prejudice.

ENTER: This 26th day of June, 2006.

_____
UNITED STATES DISTRICT COURT

---

[1] "The plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction." Gambelli v. U.S., 904 F. Supp. 494, 496 (E.D. Va. 1995) (citing Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979)).

2